**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 18-06409 |
| **STANDARD STATIONERY SUPPLY CO.** | ) | |
| | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date: Thursday, |
| | ) | June 7, 2018 |
| **Debtor.** | ) | 10:00 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Thursday, June 7, 2018, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer Room 682, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other Judge sitting in his place or stead, and then and there present **Trustee's Motion to Sell Certain Assets of Estate Free and Clear**, a copy of which is hereby served upon you, at which time and place you may appear as you see fit.

Dated: May 18, 2018                                          PHILIP V. MARTINO, Trustee


By: /s/ Philip V. Martino
One of his attorneys

Philip V. Martino
Travis J. Eliason
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

QB\52365307.3

# **CERTIFICATE OF SERVICE**

Travis J. Eliason, an attorney, certifies that on May 18, 2018, he caused the foregoing **Notice of Motion** and related **Trustee's Motion to Sell Certain Assets of Estate Free and Clear** to be served by operation of the Court's electronic filing system to all ECF recipients registered in this case.

- Joel A. Schechter          joelschechter@covad.net
- Patrick S Layng           USTPRegion11.ES.ECF@usdoj.gov
- Lauren Newman          lnewman@thompsoncoburn.com

The following parties were served by U.S. mail and electronic mail on May 18, 2018, as indicated below:

VIA EMAIL

- Fried Brothers Office Supplies, LLC     fried000@hotmail.com
- Levy Friedman                levyfr17@gmail.com
- Joseph Kunstlinger            joseph@lawkw.com

VIA U.S. MAIL

| | | |
|---|---|---|
| 3 M Company<br>2807 Paysphere<br>Chicago, IL 60674-0028 | Acco USA<br>P.O. Box 203415<br>Dallas, TX 75320-3415 | Acme United Corp.<br>P.O. Box 347808<br>Pittsburgh, PA 15250-0001 |
| Amax Products, Inc.<br>1575 South County Trail<br>East Greenwich, RI 02818-1695 | American Paper Converters<br>P.O. Box 505<br>Neenah, WI 54957-0505 | Armada Art Inc.<br>20 Draper St.<br>Brockton, MA 02302-3223 |
| Bic Corporation<br>P.O. Box 416552<br>Boston, MA 02241-6552 | CIT Finance, LLC<br>PO Box 593007<br>San Antonio, TX 78259-0200 | ChartPak Inc.<br>1 River Road<br>Leeds, MA 01053-9732 |
| David Wilson<br>1125 Kingsport Drive<br>Wheeling, IL 60090-4477 | Debbie Orlando 2034 Liberty Lane<br>Gurnee, IL 60031-6305 | Diversified Supply Inc.<br>27 Robert Pitt Dr.<br>Monsey, NY 10952-3332 |
| Dixon Ticonderoga Company 615 Crescent Executive Court<br>Suite 500<br>Lake Mary, FL 32746-5036 | E-Z Folder Inc.<br>P.O. Box 284<br>Spokane, WA 99210-0284 | Ernesto Benitez<br>812 North River Road<br>#2D<br>Mount Prospect, IL 60056-1968 |
| Euler Hermes North America Insurance Co<br>800 Red Brook Blvd<br>Owings Mills, MD 21117-5173 | Fed Ex<br>P.O. Box 94515<br>Palatine, IL 60094-4515 | Fellowes<br>P.O. Box 98630<br>Chicago, IL 60693-8630 |

QB\52365307.3

| | | |
|---|---|---|
| Fiskars Brands Inc<br>Attn Kelly Peterson<br>7800 Discovery Drive<br>Middleton, WI 53562-5501 | Fiskars, Inc.<br>P.O. Box 802587<br>Chicago, IL 60680-2587 | HOP Industries Corp<br>P.O. Box 188<br>Lyndhurst, NJ 07071-0188 |
| Herbert Ross<br>1985 Bordeaux Court<br>Wheeling, IL 60090-6754 | Hop Industries Corp<br>c/o RMS Bankruptcy<br>Recovery Services<br>P.O. Box 361345 Columbus,<br>OH 43236-1345 | James Schwobel<br>102 West Wayne Place<br>Wheeling, IL 60090-4634 |
| Zebra Pen<br>242 Raritan Center Pkwy<br>Edison, NJ 08837-3610 | Standard Stationery Supply Co.<br>c/o David Wilson,<br>    R/A and President<br>2251 Foster Avenue<br>Wheeling, Illinois 60090 | |

Parties may access this filing through the Court's system.

  /s/  Philip V. Martino
Philip V. Martino

Philip V. Martino
Travis J. Eliason
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

QB\52365307.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 18-06409 |
| **STANDARD STATIONERY SUPPLY CO.** | ) | |
| | ) | Honorable Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date: Thursday, |
| | ) | June 7, 2018 |
| **Debtor.** | ) | 10:00 a.m. |

**TRUSTEE'S MOTION TO SELL CERTAIN
ASSETS OF ESTATE FREE AND CLEAR**

Philip V. Martino, as Trustee ("**Trustee**") for the bankruptcy estate ("**Estate**") of Standard Stationery Supply Co. ("**Debtor**"), hereby requests entry of an order, in the form filed in connection with this motion (the "**Sale Order**"), authorizing the sale in accordance with 11 U.S.C. § 363 of certain assets of the Estate free and clear of all liens, encumbrances, and claims. In support, the Trustee states:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 363(b) and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

5. On March 6, 2018, Debtor filed a chapter 7 petition to initiate the above-captioned bankruptcy case, and Philip V. Martino was subsequently appointed Trustee on or about March 19, 2018.

6. The 341 meeting was held on April 11, 2018.

7. Debtor's Schedule A/B reflects interests in certain inventory (the "**Inventory**") including, among other things, school supplies for resale. *See* Schedules A/B, Dkt. No. 11 at 2. Debtor has provided Trustee with two detailed inventory listings--an 80 page PDF and a searchable[1] 3320 line spreadsheet--both of which have been made available to prospective purchasers. Moreover, all parties were afforded an opportunity to physically inspect the Inventory to confirm count and description.

8. The Inventory is currently being stored at 2251 Foster Avenue, Wheeling, Illinois 60090.

9. Trustee contacted eight of Debtor's competitors and suppliers to solicit offers to purchase the Inventory. In addition, Debtor's secured lender, MB Financial Bank, N.A. ("**MB**"), contacted several auctioneers to solicit purchase offers and projections regarding selling the inventory under forced liquidation and orderly liquidation scenarios. Trustee, MB and Debtor exchanged information regarding the offers and the overall sales process.

10. Trustee received four offers to purchase the Inventory. Below are the two best, albeit for slightly different classes of assets, both of which are based primarily on the Inventory:

    a. On or about May 11, 2018, Trustee received an offer from Levy Friedman ("**Purchaser**") to purchase the Inventory, Debtor's name and contacts, and the domain name and programming for Bestschoolbuys.com[2] (the "**Purchase Offer**") for $231,000.00 (the "**Purchase Price**").

---

[1] Neither the Estate nor Trustee makes any representation regarding the accuracy of the Inventory count or description.

[2] Debtors' name, contacts, domain name and programming for Bestschoolbuys.com is referred to collectively herein as the "**Name Property**", and together with the Inventory is referred to herein as the "**Property**". Trustee seeks authorization to sell the Name Property to the extent the Estate has any interest in the Name Property. Additionally, although not specifically mentioned in Purchaser's bid, "Property" shall include all Debtors' Intellectual Property such as copyrights, trademarks and designs, name rights, software, proprietary programs and designs, customer and supplier lists, files and records, and business name(s) and phone number(s) to the extent that the Estate has any interest in said items.

      b.    On or about April 23, 2018, Trustee received an offer from Kenneth Fried to purchase the Inventory, as well as Debtors shelving, office equipment, computers (with software and programming), files and records, and business name(s) and phone number(s) for $230,000.00.

11.    Trustee believes that the Purchase Offer is appropriate, and that the Purchase Price is a favorable consideration for the Property.

12.    Trustee and Purchaser have engaged in arms-length negotiations regarding the purchase of the Property. Trustee and Purchaser have agreed to sale terms, which are discussed in detail below.

13.    The Purchase Price is the highest and best offer Trustee has received for the Property. Trustee is therefore satisfied, in the exercise of his sound business judgment, that the consideration to be paid for the Property is fair and reasonable and that additional marketing would not serve the interests of the Estate.

### RELIEF REQUESTED

14.    By this Motion, Trustee requests that the Court enter a Sale Order authorizing him to sell the Property to Purchaser.

15.    The following summarizes the terms of the sale ("**Sale**") of the Property:

(a)    <u>Purchase Price</u>: The Purchase Price is $231,000.00.

(b)    <u>Purchaser's Deposit</u>: Purchaser has provided Trustee with a deposit of $10,000.00 ("**Purchase Deposit**"), which Trustee will hold until the entry of the Sale Order by the Court. In the event there are no additional offers to purchase the Property at or before the hearing on this Motion or if Purchaser is the highest bidder at auction (as further described below), then (i) the Purchase Deposit shall be applied to the Purchase Price at closing, and (ii) if Purchaser fails to close the Sale within twenty-four (24) hours after the entry of the Sale Order by the Court, Trustee shall retain the Purchase Deposit as liquidated damages.

(c)    <u>Entry of Sale Order</u>: The Trustee's and Purchaser's obligations to close on the Sale of the Property are subject to the entry of the Sale Order by the Court.

(d)    <u>Closing</u>: The closing of the Sale of the Property will take place within twenty-four (24) hours after the entry of the Sale Order by the Court.

    (e)    Waiver of Fed. R. Bankr. P. 6004(h): The Sale Order provides that, notwithstanding Fed. R. Bankr. P. 6004(h), the Sale Order approving the Sale to Purchaser shall be effective immediately.

16.    Trustee believes that the Purchase Offer is reasonable under the facts and circumstances of this case. Purchaser understands that the Trustee's capacity to close the Sale is conditioned upon there being no higher and better offer received at or before the Court's hearing upon this Motion. Purchaser is nevertheless prepared to go forward with the transaction as set forth in this Motion.

## AUCTION/HIGHER BIDS

17.    Any party interested in making a higher bid for the Inventory should appear at the hearing on this Motion. In that event Trustee receives additional offers to purchase the Property at or before the hearing, Trustee (or his counsel) will conduct an auction ("**Auction**") generally in accordance with the following bid procedures:

    (a)    Bidders: Any party wishing to participate the Auction will be required to (i) make an opening bid of at least $240,000.00, and (ii) provide Trustee with a deposit of $10,000.00 ("**Bid Deposit**") by cashier's or certified check, or by wire transfer the day before the hearing. Purchaser, who has acted as stalking horse bidder, will not have to post a Bid Deposit unless he increases his bid. In that event, all bidders will have posted the same Bid Deposit.

    (b)    If Purchaser Has Highest Bid: If Purchaser is the winning bidder at the Auction, the Sale will close on the same terms and conditions set forth above, except that the Purchase Price will be the Purchaser's winning bid. Upon closing, any Bid Deposits will be returned to the depositing party.

    (c)    If Another Party Has Highest Bid: If a party other than Purchaser is the winning bidder at the Auction ("**Winning Bidder**"), the Sale to the Winning Bidder will close on the same terms and conditions set forth herein, except that the Purchase Price will be the Winning Bidder's bid. Upon closing, the Bid Deposit will be returned to Purchaser and any Bid Deposits will be returned to the depositing party, except the Bid Deposit of the second highest bidder will be held as back up bidder if the Winning Bidder defaults.

    (d)    Failure to Close: If Purchaser or the Winning Bidder fail to close the Sale within twenty-four (24) hours after the entry of the Sale Order by the Court, Trustee shall retain that party's Purchase Deposit or Bid Deposit as liquidated damages and

QB\52365307.3

>   Trustee may (but will not be required to) sell to the next highest bidder (if any) without further order of Court.

## APPLICABLE AUTHORITY

18.  Bankruptcy Code § 363(b)(1) authorizes a trustee to "use, sell, or lease" property of the estate with the Court's approval. Assets of a debtor may be sold outside of the ordinary course of business, pursuant to Bankruptcy Code § 363(b)(1), if a sound business purpose exists for doing so.

19.  Courts have held that approval of a proposed sale of property pursuant to Bankruptcy Code § 363(b) is appropriate if the transaction represents the reasonable business judgment of the trustee. *See In re Schipper*, 933 F.3d 513, 515 (7th Cir. 1991); *In re Zeigler*, 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983).

20.  If a valid business justification exists for the sale, as it does in this case, Trustee's decision to sell property outside of the ordinary course of business enjoys a strong presumption of "good faith and . . . honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992).

21.  Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See, e.g.*, *Schipper*, 933 F.3d at 515; *Zeigler*, 320 B.R. at 381; *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (D. Del. 1987). The proposed Sale satisfies all of these factors.

22. First, a sound business purpose exists for the Sale. The Estate has no funds to store, insure, secure, or market the Inventory. Selling the Property to Purchaser will allow Trustee to make a distribution to creditors of the Estate.

23. Second, the Purchase Price—or the winning bid at the Auction—is a fair and reasonable price for the Property. While Trustee did receive another offer to purchase the Inventory and other property, the Purchase Price was the highest offer. Accordingly, Trustee has determined that the Purchase Offer submitted by Purchaser is the highest and best offer received for the Property.

24. Finally, the Notice will be appropriate, as provided below, and the terms of the Sale were negotiated at arm's-length and in good faith by Trustee and Purchaser. In light of the foregoing, the Sale to Purchaser, or to a party submitting a higher or better bid for the Property at the Auction, is warranted under Bankruptcy Code § 363.

25. Pursuant to Bankruptcy Code Section 363(f), Trustee's sale of the Inventory shall be free and clear of all interests, as MB (which holds the only known lien therein) consents to the sale and sales procedure.

26. *Section 363(m) and 363(n)*: "[W]hen a bankruptcy court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." *In re Abbotts Dairies, Inc.*, 788 F.2d 143, 149–50 (3d Cir. 1986).

27. The purpose of such a finding is to facilitate a safe-harbor determination under Bankruptcy Code § 363(m), which serves the important purposes of encouraging good faith transactions and of preserving the finality of the bankruptcy court's order unless stayed pending appeal. *Id.* at 147. Courts have generally held that a good faith purchaser is one who buys "in good faith" and "for value." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).

28. The Trustee and Purchaser negotiated the terms of the Sale at arm's length, in good faith, and without collusion or other misconduct within the meaning of Bankruptcy Code §§ 363(m) and (n). The Trustee is aware of no conduct that would cause the Sale to be avoided under Bankruptcy Code § 363(n). Accordingly, the Estate and Purchaser are entitled to the protections of Code §§ 363(m) and (n) with respect to the transaction contemplated herein.

29. To the extent the parties determine that consummation of the Sale requires documentation beyond the Sale Order, or such documentation is deemed necessary or convenient by the parties in order to consummate the Sale, the Trustee asks that the Court authorize him to execute such documentation.

30. *Relief from Bankruptcy Rules 6004(h)*: The Bankruptcy Rules provide in pertinent part that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

31. Because no entity except Debtor has an interest in the Property, Trustee believes that there is no reason to delay the Sale to Purchaser, or a competing bidder, and asks that the automatic stay provisions of Fed. R. Bankr. P. 6004(h) be waived and that the Sale Order be effective immediately upon entry.

**NOTICE**

32. This Motion has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for (i) the Debtor and (ii) the United States Trustee and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System. The Motion will also be served via electronic

QB\52365307.3

mail to Purchaser and Kenneth Fried, and the Motion will be served by U.S. Mail upon the Debtor and all creditors of the Debtor's estate.

**WHEREFORE**, Trustee prays that an order be entered (a) approving sale of the Property to Purchaser (or any third-party bidding more to purchase the Property prior to entry of an Order granting this Motion) free and clear of all liens, encumbrances, and claims, (b) waiving the provisions of Fed. R. Bankr. P. 6004(h), and (c) for such further relief as is reasonable and just.

PHILIP V. MARTINO, Trustee

By: /s/ Philip V. Martino
      One of his attorneys

Philip V. Martino
Travis J. Eliason
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
(312) 715-5000

QB\52365307.3